# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 14, 2018

Lyle W. Cayce
Clerk

No. 17-60600
Summary Calendar

SUKHNINDER SINGH,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A202 051 472

Before DAVIS, COSTA, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Sukhninder Singh, a native and citizen of India, petitions for review of the order of the Board of Immigration Appeals (BIA) dismissing his appeal from the Immigration Judge's (IJ's) order of removal and denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Singh maintains that he has established past persecution based on his political opinion. He also challenges the BIA's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60600

ruling that he could relocate within India to avoid future persecution. Finally, he argues that the BIA erred in affirming the IJ's denial of relief under the CAT.

We have authority to review only the order of the BIA unless the underlying decision of the IJ influenced the BIA's decision. *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). The BIA affirmed the findings and conclusions of the IJ; therefore, we review both decisions. *See id.*

An immigration court's findings of fact are reviewed for substantial evidence. *Id.* Under this standard, this court may not reverse an immigration court's factual findings unless "the evidence was so compelling that no reasonable factfinder could conclude against it." *Id.* at 536-37. Among the findings of fact that we review for substantial evidence is the conclusion that an alien is not eligible for asylum or withholding of removal. *Zhang v. Gonzales*, 432 F.3d 339, 344-45 (5th Cir. 2005).

Singh's father was an organizer for the Congress Party and was opposed to the Akali Dal Party. Singh testified that he participated in political activities with his father. According to Singh, he and his father were "treated badly" by the Akali Dal Party after it won the 2013 election. He described an incident where he and his father where attacked by a group of six people. He claimed that he and his father were beaten with baseball bats and that his finger was cut with a sword. Singh suffered marks on his back from the beating and had to have five stiches on his finger.

According to Singh, his father suffered "a lot of internal injuries" and "some injury in his head." Singh's family did not report the incident to the police because they were sure that the police would not take any action against the Akali Dal Party. A few months later, Singh's father died of a brain hemorrhage.

No. 17-60600

Two months after his father's death, Singh was riding home on his motorcycle when a car forced him off the road. He was sure that the people in the car where members of the Akali Dal Party, though he admitted that they did not say anything to him.

A few days later, Singh's mother sent him to live with his aunt in a city two hours away from his village in Punjab, India. Singh stayed with his aunt for four months, and although he did not go out often, he testified that he did not receive any additional threats from the Akali Dal Party.

Singh relies on *Tamara-Gomez v. Gonzalez*, 447 F.3d 343 (5th Cir. 2006), to argue that the harassment and single instance of physical harm he experienced constituted persecution. The circumstances in Singh's case are different from those in *Tamara-Gomez*. Singh experienced a single attack by supporters of the Akali Dal Party. He did not allege constant and escalating threats like the alien in *Tamara-Gomez*. *See* 447 F.3d at 346. Moreover, unlike the alien in *Tamara-Gomez*, after Singh relocated, he received no other threats from the Akali Dal Party. Singh's challenge to the BIA's determination that his claims did not rise to level of past persecution is without merit.

An alien does not have a well-founded fear of persecution if he could avoid persecution by relocating to another part of his country "if under all the circumstances it would be reasonable to expect the applicant to do so." *Eduard v. Ashcroft*, 379 F.3d 182, 194 (5th Cir. 2004); *see* 8 C.F.R. § 1208.13(b)(3). Where, as here, the alien "does not show past persecution" and "does not demonstrate that a national government is the persecutor, the applicant bears the burden of showing that the persecution is not geographically limited in such a way that relocation within the applicant's country of origin would be unreasonable." *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 445 (5th Cir. 2001); *see* § 1208.13(b)(3)(i).

No. 17-60600

The evidence presented by Singh showed that he internally relocated to his aunt's house, which was located two hours from his village. Although Singh claims that he took certain precautions and did not go out often, he admitted that he encountered no further threats or physical harm during the four months that he lived with his aunt. Given these facts, the BIA's determination that it was reasonable for Singh to internally relocate to avoid persecution was supported by substantial evidence. *See Wang*, 569 F.3d at 536.

Singh has also failed to establish that he is eligible for relief under the CAT. To succeed on his request for relief under the CAT, he must show that it is more likely than not that he would be subjected to torture on his return. *Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 354 (5th Cir. 2002). To meet this burden, the alien may produce evidence of past torture, an inability to relocate to a safer part of the country, human rights abuses committed within the country, and any other relevant information. *See* 8 C.F.R. § 208.16(c)(3).

Singh's evidence of country conditions reflects, at most, that those who openly challenge or criticize the Akali Dal Party are "prone to various forms of personal harassment," but not torture. Moreover, Singh's claim that he cannot relocate to a safer part of the country is refuted by his testimony that he lived with his aunt in a city located two hours from his village without incident for four months. He also has not shown that the government would acquiesce to his torture by political opponents. Singh admitted that he did not report the incident where he and his father were beaten by Akali Dal Party supporters after the 2013 election.

Based on the foregoing, Singh's petition for review is DENIED.